DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

KENNETH R. STEIN and JILL PATRICIA STEIN,

Petitioners,

v.

REYNOLDS VENTURES, INC., d/b/a WRIGHTWAY
EMERGENCY WATER REMOVAL,

Respondent.

No. 2D2025-2795
————————————————

August 7, 2026

Petition for Writ of Certiorari to the Circuit Court for Sarasota County;
Danielle L. Brewer, Judge.

Kenneth R. Stein and Jill Patricia Stein, pro se.

Lori L. Moore and Peter Antonelli of Roetzel and Andress, LPA, Fort
Myers, for Respondent.

SMITH, Judge.

Petitioners Kenneth R. Stein and Jill Patricia Stein seek review of the trial court's order denying their motion for judgment on the pleadings where Respondent Reynolds Ventures, Inc., d/b/a Wrightway Emergency Water Removal failed to satisfy the requirements of the Discharge of lien statute, section 713.21, Florida Statutes (2025), by not showing cause as

to why its mechanic's lien should not be enforced or vacated, and they seek discharge of the lien. We treat the Steins' petition for writ of certiorari as a petition for writ of mandamus. *See Unnerstall v. Designerick, Inc.*, 17 So. 3d 900, 901 (Fla. 2d DCA 2009) ("Although the Unnerstalls filed a petition for a writ of certiorari in this court seeking to have the lien discharged, we treat the petition as one for mandamus and grant the petition."). Because Reynolds failed to sufficiently show cause under section 713.21(4), the trial court was required by statute to discharge the lien. Accordingly, we grant the petition and direct the trial court to discharge the mechanic's lien on the Steins' property.

I

The Steins own a condo in the Privateer North community in Longboat Key. Reynolds recorded a mechanic's lien based on work it performed on all units in the community pursuant to a contract with Privateer North (Association) listing all unit owners; the lien did not state whether the subject work was performed on common elements of the community, but Reynolds later argued that the work was performed on "common elements and multiple units."

The Steins commenced this action against Reynolds seeking to discharge the lien and requesting a declaratory judgment that the lien was invalid. Reynolds responded denying the allegations and raising six conclusory affirmative defenses.

Pursuant to section 713.21(4), the clerk of the circuit court on June 2, 2025, issued a Summons and Notice to Show Cause to Reynolds

> TO SHOW CAUSE WITHIN 20 DAYS WHY ITS LIEN SUBJECT OF THE PLAINTIFF'S COMPLAINT SHOULD NOT BE ENFORCED BY ACTION OR VACATED AND CANCELED OF RECORD. UPON FAILURE OF THE DEFENDANT TO SHOW CAUSE WHY ITS LIEN SHOULD NOT BE ENFORCED OR THE DEFENDANT'S FAILURE TO COMMENCE SUCH

2

ACTION BEFORE THE RETURN DATE OF THE SUMMONS
THE COURT SHALL FORTHWITH ORDER CANCELLATION
OF THE LIEN.

Reynolds filed its Response to Plaintiffs' Order to Show Cause stating, in pertinent part:

7. [Reynolds] has not initiated foreclosure proceedings and has attempted to resolve the dispute with the Association.

8. [The Steins] are not the contracting party and were not billed directly for any portion of the work performed. Defendant's lien exists solely to preserve its right to payment from the property as permitted under Florida law.

9. Defendant respectfully submits that requiring it to commence litigation at this stage would undermine [Reynolds'] efforts to resolve the matter with the Association without further burdening the court or the affected parties.

10. In the alternative, if the Court concludes foreclosure must proceed, Defendant respectfully requests fourteen (14) days to initiate suit in order to comply with all applicable statutory prerequisites including service of a Final Contractor's Affidavit.

The Steins later filed the third motion for judgment on the pleadings, arguing that the grounds in the "Response to Plaintiff's Order to Show Cause" did not show the appropriate "cause" under section 713.21(4). The trial court denied the motion, stating Reynolds established cause "based on the existence of a contract, services performed thereto and the lack of payment therefor."

II

In their petition, the Steins assert that because Reynolds failed to enforce its lien or show cause why the lien should not be enforced, the trial court erred in declining to discharge the lien. We agree.

Proceedings brought under section 713.21 to discharge a mechanic's lien constitute "special statutory proceedings." *Matrix Constr. Corp. v. Mecca Constr., Inc.*, 578 So. 2d 388, 389 (Fla. 3d DCA 1991).

3

"When a property owner invokes [section 713.21], a lienor must strictly comply with the statute in order to preserve its lien." *Unnerstall*, 17 So. 3d at 902 (citing *Ruffolo v. Parish & Bowman, Inc.*, 966 So. 2d 434 (Fla. 1st DCA 2007)). Strict compliance with the statute includes strict observance to time limits "and a trial court is without discretion to deviate from the statutorily specified time limits." *Ruffolo*, 966 So. 2d at 436 (citing *Sturge v. LCS Dev. Corp.*, 643 So. 2d 53, 55 (Fla. 3d DCA 1994)); *see also Dracon Constr., Inc. v. Facility Constr. Mgmt., Inc.*, 828 So. 2d 1069, 1071 (Fla. 4th DCA 2002) ("In a special statutory proceeding . . . the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure."); *cf. Federated Stores Realty, Inc. v. Burnstein*, 392 So. 2d 573, 575 (Fla. 4th DCA 1980) (holding that the time period of section 713.21 "may be extended by stipulation of the parties").

III

We first dispense with Reynolds' contention that the Steins lack standing to challenge the mechanic's lien on their individual unit because it was recorded based on work done pursuant to a contract with the Association. While its contract was with the Association, the lien was recorded against all the individual unit owners, as required by section 718.121(2), Florida Statutes (2025).

> Liens on condominiums are controlled by section 718.121, Florida Statutes. Paraphrasing, subsection (1) provides that, after the declaration of condominium is recorded, no liens are valid against condominium property as a whole unless the unit owners unanimously consented thereto. Subsection (2) prohibits liens for work on individual units unless the unit owner expressly consented to or requested the work. However, it further provides that work performed on the common elements cannot give rise to a lien, but if authorized by the condominium association a lien may

4

> be claimed against all of the condominium parcels in the proportion for which each unit is liable for common expenses. The condominium association authorization is deemed to furnish the express consent of each unit owner.

*Royal Ambassador Condo. Ass'n v. E. Coast Supply Corp.*, 495 So. 2d 932, 934 (Fla. 4th DCA 1986). And so, by operation of section 718.121(2), Reynolds' contract with the Association served as the authorization to "furnish[] the express consent of each unit owner" to the lien in each unit owner's proportionate share of the common expenses for the work performed by Reynolds.[1]

Once recorded, "section 718.121(3) confirms that if a valid lien encumbers multiple condominium parcels, each owner of an encumbered parcel may exercise the rights of a property owner under Chapter 713 . . . ." *Trintec Constr., Inc. v. Countryside Vill. Condo. Ass'n*, 992 So. 2d 277, 279 (Fla. 3d DCA 2008); *see also Royal Ambassador*, 495 So. 2d at 934 ("Finally, subsection (3) enables the individual unit owners to remove or discharge a lien covering more than one unit by exercising any of the rights provided an owner by Chapter 713, Florida Statutes, or by paying his proportionate share of the claim."). Therefore, Reynolds' recording of the lien under 718.121(3) triggered the Steins' right to discharge that lien under chapter 713. It follows that because the Steins were interested parties named in the lien they had standing to seek discharge of the lien on their own unit under section 713.21.[2]

---

[1] The Steins do not challenge the Association's authority to enter into the contract with Reynolds.

[2] Reynolds argues that the Steins seek to "strip the entirety of the Lien," not just their pro rata interest. But in the Steins' First Amended Complaint, they sought to discharge the lien against "the Property," which they defined as their individual condo unit.

We next address whether Reynolds sufficiently showed cause as to why the lien should not be canceled pursuant to section 713.21(4). The filing of a complaint initiates the clerk's issuance of the summons to the lienor "to show cause . . . why [the] lien should not be enforced by action or vacated and canceled of record." *Dracon*, 828 So. 2d at 1070 (quoting § 713.21(4)). A showing of cause is not easily met: "[a]bsent informing the court that a lienor has already taken steps to foreclose its lien, rarely does a circumstance rise to the level of 'good cause' . . . ." *Ruffolo*, 966 So. 2d at 437. Nothing in the statute authorizes a trial court to grant a lienor an extension to comply with the summons. *Dracon*, 828 So. 2d at 1070.

Here, Reynolds had two options pursuant to the clerk's summons: (1) show cause why its lien should not be enforced by action or vacated and canceled of record or (2) commence an action on the lien. Reynolds concedes that it did not commence an action on the lien. In its Response to the Summons, in addition to challenging the Steins' standing and alternatively requesting an extension of time,[3] Reynolds explained that it

---

Reynolds also argues that the Steins failed to comply with the presuit requirements for derivative actions in section 617.07401, Florida Statutes (2025). But this is not a derivative action, as the Steins are exercising their own rights as property owners under chapter 713; they are not asserting the rights of the association. *Cf. Leppert v. Lakebreeze Homeowners Ass'n*, 500 So. 2d 250, 252 (Fla. 1st DCA 1986) (stating member's suit was derivative where claims were "predicated upon rights of action existing in the" homeowners association).

[3] While Reynolds alternatively sought an extension of time, trial courts have no discretion to expand the strict time limitations of chapter 713. *See Sturge v. LCS Dev. Corp.*, 643 So. 2d 53, 55 (Fla. 3d DCA 1994) (holding that section 713.21 does not provide for extensions or tolling of the twenty-day period).

was attempting to resolve its dispute with the Association—referring to the contract between the Association and Reynolds. However, Reynolds' contract with the Association is a separate and independent claim from any proceeding to foreclose a claim of lien against the individual unit owners. *See Brookshire v. GP Constr. of Palm Beach, Inc.*, 993 So. 2d 179, 180 (Fla. 4th DCA 2008) (stating "[t]he lien . . . and the [construction contract] dispute[] are not one and the same" and that "[t]he disposition of the lien would not resolve the contractor's claim for payment" and, therefore, holding that lienors' moving to compel arbitration per the construction contract instead of initiating foreclosure or showing good cause, constituted a failure to comply with section 713.21). Reynolds' response to the summons runs afoul of *Brookshire*, where it conflated the contractual and mechanic's lien claims. In fact, Reynolds conceded that it had not commenced a foreclosure proceeding to foreclose the lien specifically because doing so would undermine its efforts to resolve the contractual dispute with the Association. *But see Matrix Constr. Corp.*, 578 So. 2d at 389 (recognizing that a lienor may still maintain its remedy to enforce its contractual claim if the lien is canceled); *Brookshire*, 993 So. 2d at 180 (holding lienor's filing of a motion to arbitrate under the terms of the parties' contract, as opposed to actually filing a counterclaim along with the motion, was not sufficient cause even where lienor stated "that it would forward its counterclaim for enforcement of the lien to the American Arbitration Association"). The trial court did not accept Reynolds' argument for cause, instead finding "cause" was established "based on the existence of a contract, services performed thereto and the lack of payment therefor." Neither Reynolds' grounds nor the trial court's grounds constitute cause for Reynolds'

failure to initiate a foreclosure of the lien within the prescribed time period.

V

Section 713.21(4) mandates where no good cause is shown as to "why [the] lien should not be enforced or" where the lienor fails "to commence such action before the return date of the summons the court <u>shall</u> order cancellation of the lien." (Emphasis added.) The discharge of lien statute does not "leave the court with any discretion to excuse a failure to comply." *Brookshire*, 993 So. 2d at 180 (citing *Sturge*, 643 So. 2d at 55). Because Reynolds did not enforce its lien or make a showing of good cause as to why it could not enforce its lien, the trial court was required by statute to discharge the lien. We therefore grant the Steins' petition and direct the trial court to vacate and cancel the lien on the Steins' property.

Petition granted.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

8